UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

          Plaintiff,          Crim. No. 17-20500

-vs-                              Honorable Avern Cohn

MARK GOJCAJ,

          Defendant.

## GOVERNMENT'S SENTENCING MEMORANDUM

Mark Gojcaj is an incorrigible cocaine dealer who qualifies as a career offender and should be sentenced as such. Time and again over the past 30 years, Gojcaj involved himself in cocaine distribution in and around Macomb County. In so doing, he collected five state-level distribution convictions between 1988 and 2014, and then returned to the trade in 2017, selling cocaine in Warren. He pled guilty to the one-count indictment in this case (his *sixth* drug-distribution conviction) without a Rule 11 plea agreement, and the government expects that he will ask for a significant downward departure or variance. But no legitimate argument can be made to challenge the clear-cut application of the career offender guidelines, which were mandated by Congress specifically to address recidivist offenders like the defendant. Nor do any of the Section 3553(a) factors warrant a

1

variance. Accordingly, the Court should sentence Gojcaj to a term of imprisonment within the applicable guideline range of 188 to 235 months.

## STATEMENT OF FACTS

### I.     Drug Offense Conduct

The facts in this matter are straightforward. Gojcaj—while possibly also using cocaine himself—was regularly dealing cocaine between March and June 2017.

Given his extensive criminal history, Gojcaj was well-known to local law enforcement in Macomb County. He came to law enforcement's specific attention again on March 14, 2017, when he inadvertently dropped a baggie out of his truck as he was departing the parking lot of a flooring products store in Warren, Michigan. After Gojcaj departed, a store employee found the baggie on the ground and immediately recognized it as contraband. Indeed, inside the baggie were ten smaller baggies containing a white powder packaged for distribution, nine of which tested positive for cocaine. The total net weight of the cocaine mixture was approximately 17 grams. Also inside the baggie were five brown capsules marked as amphetamine/dextroamphetamine pills.

Gojcaj soon realized his cocaine had gone missing and returned to the store parking lot in his truck. He searched and searched for the baggie in the parking lot and in his truck, with no luck—the store employee had already found it and called

2

law enforcement. Gojcaj was forced to leave empty handed. Law enforcement officers later obtained surveillance video of Gojcaj's activities in the parking lot and immediately recognized him.

Investigation ensued. In the coming weeks, officers undertook physical surveillance, during which they saw Gojcaj engage in apparent hand-to-hand narcotics transactions in late March and early April. They then arranged and supervised three hand-to-hand controlled buys of $100 worth of cocaine each (approximately 2 grams, with packaging) from Gojcaj in late April and early May.

Concluding their investigation, on May 5, 2017, officers executed a search warrant at a residence associated with Gojcaj in Warren. Inside, they found two ziploc baggies of cocaine in Gojcaj's pocket, along with $1,168 in cash. Another $5,500 was recovered in a jacket pocket. Officers also found a Nike gym bag containing a digital scale, two ziploc baggies containing known "cut" ingredients, and additional empty ziploc bags. The baggies of cocaine in Gojcaj's pocket had a total net weight of approximately 3 grams.

A federal grand jury indicted Gojcaj on July 27, 2017, charging him with one count of possession with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C). On June 29, 2018, Gojcaj pled guilty to the indictment without a Rule 11 plea agreement. During the plea colloquy, Gojcaj refused to admit to or acknowledge the approximately 17 grams of cocaine

packaged for distribution that fell out of his truck. Instead, he only acknowledged and admitted the approximately 3 grams of cocaine seized from his person during the search warrant execution. And as to that cocaine, he admitted only intending to distribute it to his girlfriend for their collective personal use, notwithstanding all of the evidence of his repeated engagement in drug sales over the preceding months.

## II.   Criminal History

Gojcaj has an extensive and, as Probation notes, eclectic criminal history. But the main through line is drug dealing. His first drug dealing conviction came when he was 18 years of age. In total, has accumulated six drug-related felony convictions, five of which are for distribution offenses. He has variously received probation and terms of incarceration for these convictions, the longest of which was 38 months, in 2003. For at least two of those convictions, he escaped more significant periods of incarceration when he was permitted to plead guilty to offenses corresponding to drug weights significantly below the weight of the drugs recovered.

Gojcaj's other convictions relate to fraud, larceny, and firearms. They, too, are serious offenses. In addition, as the Court is well aware, Gojcaj was arrested and charged in 2015 with aggravated assault in connection with a violent assault of his longtime girlfriend. Witnesses and the victim recounted to law enforcement the details of the brutal assault, which left Gojcaj's girlfriend with a broken rib and

bruises all over her body, including on her face, among other injuries. Most disturbingly, the assault included Gojcaj lifting the victim by the neck and throwing her nearly 12 feet down from the second story of the residence. The facts and circumstances of this event were previously litigated before the Court in connection with Gojcaj's request for bond, which the Court denied in March 2018.

## GUIDELINE RANGE

Gojcaj pled guilty without a Rule 11 plea agreement, and the government understands that Gojcaj objects to the application of the career offender guidelines as calculated by both Probation and the government. But the guidelines calculation is clear-cut, and Gojcaj's apparent objections—the bases for which have never been articulated for either the government or Probation—are baseless.

Under U.S.S.G. § 4B1.1, a defendant is a career offender if each of the following elements is met:

(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction;

(2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and

(3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Gojcaj meets or surpasses all three. First, Gojcaj was in his 40s when he committed the instant offense of conviction. Second, the instant offense is a felony "controlled substance offense," because it is a federal offense punishable by

imprisonment for a term exceeding one year that prohibits the possession of a controlled substance with intent to distribute. *See* U.S.S.G. § 4B1.1, Application Note 1; U.S.S.G. § 4B1.2 (definitions). And third, as described below, Gojcaj has at least two prior felony convictions for controlled substance offenses in the form of state-level felony convictions for narcotics distribution.

Consistent with Probation's findings, the government has obtained certified convictions for the following felony controlled substance offenses committed by Gojcaj, copies of which are attached hereto as Exhibits 1, 2, and 3:

(i) Macomb County (16th Judicial Circuit), Case No. 2013-003444-FH, in which Gojcaj was convicted in 2014 of controlled substance delivery/manufacture less than 50 grams in violation of MCL 333.7401(2)(A)(iv), which offense carries a maximum term of imprisonment of 20 years;

(ii) Macomb County (16th Judicial Circuit), Case No. 2004-000515-FH, in which Gojcaj was convicted in 2004 of controlled substance delivery/manufacture less than 50 grams within 1000 feet of school property in violation of MCL 333.7401(2)(A)(iv) and MCL 333.7410(3), which offense carries a minimum term of imprisonment of two years and maximum term of imprisonment of 40 years; and

(iii) Wayne County (3rd Judicial Circuit), Case No. 04-001207-01-FH, in which Gojcaj was convicted in 2004 of controlled substance delivery/manufacture less than 50 grams in violation of MCL 333.7401(2)(A)(iv), which offense carries a maximum term of imprisonment of 20 years.

Each of these convictions qualifies as a "controlled substance offense" for purposes of application of the career offender enhancement. *See United States v.*

*House*, 872 F.3d 748, 753-54 (6th Cir. 2017) (holding that prior convictions under MCL 333.7401 qualify as predicate offenses for purposes of the career offender enhancement).

On July 28, 2017, the government filed a notice under 18 U.S.C. § 851, providing written notification of its intent to rely at sentencing on Gojcaj's prior conviction in the 3rd Judicial Circuit in 2004 (identified above in Paragraph (iii)). (Dkt. #20, attached hereto at Exhibit 4.) When a defendant commits an offense under 21 U.S.C. §§ 841(a) and 841(b)(1)(C), as Gojcaj did here, the existence of a prior "felony drug offense" will increase the statutory maximum penalties. Gojcaj's 2004 Wayne County conviction qualifies as a prior "felony drug offense," as it was punishable by a term of imprisonment exceeding one year and proper notice has been given prior to sentencing. *See* 21 U.S.C. §§ 802(44), 851. Accordingly, the statutory maximum penalties for the offense to which Gojcaj pled guilty are 30 years in prison and a fine of $2,000,000. 21 U.S.C. § 841(b)(1)(C). In addition, Gojcaj must serve a term of no less than six years supervised release. *Id.*

Gojcaj's guidelines under the career offender enhancement are in turn driven by the statutory maximum penalty for his crime. Because Gojcaj's maximum term of imprisonment is 30 years, Gojcaj's base offense level is 34. *See* U.S.S.G. § 4B1.1(b)(2). Likewise, because the career offender guidelines apply, Gojcaj's

criminal history category is automatically a VI (which, as Probation found, is Gojcaj's criminal history category regardless of whether the career offender enhancement applies). After deducting three offense levels for acceptance of responsibility, the resulting guidelines are 188 – 235 months imprisonment. *See* Presentence Investigation Report, ¶¶ 23, 62.

## SECTION 3553(a) FACTORS

Congress has provided, through 18 U.S.C. § 3553(a), the relevant objectives and factors to be considered by sentencing courts in imposing a "sentence sufficient, but not greater than necessary." Despite being advisory, the Guidelines remain an important factor in fashioning a just sentence. In this case, the Section 3553(a) factors support a guideline sentence for Gojcaj.

The career offender enhancement exists for a reason. As noted in the application note to the career offender section, Congress mandated that the Sentencing Commission "assure that 'career' offenders receive a sentence of imprisonment 'at or near the maximum term authorized.'" U.S.S.G. § 4B1.1, Background; 28 U.S.C. 994(h) (setting forth the duties of the Sentencing Commission). In fulfilling this directive, the Commission has crafted the career offender enhancement to focus "on the class of recidivist offenders for whom a lengthy term of imprisonment is appropriate." U.S.S.G. 4B1.1, Background. Gojcaj sits firmly within that class.

The government expects Gojcaj to make much of the fact that the instant offense involves only approximately 26 grams of cocaine. But that focus misses the forest for the trees. Gojcaj's recidivism—his willingness, time and again, to return to dealing cocaine—is the key fact driving the seriousness of his offense. Gojcaj is a "career offender" both as a matter of law and in the phrase's ordinary usage. Put simply, he has made a career of dealing cocaine, an activity and a substance that has significant detrimental impacts on the community, his loved ones, and himself.

His criminal history also makes clear that Gojcaj is not just a longtime drug dealer. He has two convictions involving false pretenses, and two firearms-related convictions. When circumstances suit him, it appears Gojcaj is willing to engage in multiple forms of criminal conduct. And while the government acknowledges that Gojcaj was not convicted in connection with the assault on his girlfriend (as she ultimately failed to appear for trial), the facts and circumstances of that horrific beating bear on Gojcaj's history and characteristics under the Section 3553(a) factors.

In short, Gojcaj's present offense is a serious one, particularly when considered in the context of his extensive history of cocaine distribution and other criminal conduct. The factors identified in the first prong of Section 3553(a)—the

9

nature and circumstances of the offense and the history and characteristics of the defendant—support a guideline sentence.

The need for Gojcaj's sentence to promote respect for the law, protect the public, and afford deterrence also weigh in favor of a guideline sentence. Multiple times, Gojcaj secured resolutions in his past criminal cases that allowed him to escape the full consequences associated with the amount of drugs with which he was caught. But instead of taking advantage of those favorable resolutions by turning away from a life of drug dealing, he returned to it over and over again. This reflects a firm disrespect for the law, and the public has a strong interest in being protected from further recidivism by Gojcaj. A sentence within the guideline range is appropriate to serve these interests, as well as serve to deter future recidivism by Gojcaj and others similarly situated.

Finally, it bears noting that Probation has identified no factors that would warrant a departure from the applicable guideline range. Presentence Investigation Report, ¶ 76. The government understands that counsel for Gojcaj secured a psychological examination of Gojcaj for purposes of sentencing, but the report was not shared with the government before today.[1] In any event, based on the information identified by Probation and otherwise known to the government, this

---

[1] Counsel for Gojcaj appears to have included the report as an exhibit to his sentencing memorandum, which the government received shortly before filing this memorandum.

10

case does not involve the presence of "mental and emotional conditions" to an "unusual degree" such that they "distinguish this case" from typical cases covered by the guidelines. U.S.S.G. §5H1.3 ("Mental and Emotional Conditions (Policy Statement)"). Furthermore, the guidelines specifically provide that "drug or alcohol dependence or abuse ordinarily is not a reason for a downward departure." U.S.S.G. § 5H1.4. Such dependence or abuse should rather be addressed through a requirement to participate in an appropriate program while on supervised release. *Id.*

In sum, a sentence within the guideline range of 188 – 235 months is appropriate and in line with the purposes set forth in Section 3553(a), to include specifically the need for the sentence to reflect the seriousness of the offense, provide just punishment, promote respect for the law, afford deterrence, and protect the public.

[REMAINDER OF PAGE INTENTIONALLY BLANK]

## **CONCLUSION**

For the reasons discussed herein, the government recommends a guideline sentence between 188 – 235 months imprisonment as being sufficient but not greater than necessary. The government also recommends the imposition of six years supervised release (the statutory mandatory minimum), with the special conditions proposed by Probation.

        Respectfully submitted,

        MATTHEW SCHNEIDER
        United States Attorney

        */s/ James R. Drabick*
        James R. Drabick
        Assistant United States Attorney
        211 W. Fort Street, Suite 2001
        Detroit, MI  48226
        james.drabick@usdoj.gov
        (313) 226-9788
        MA Bar # 667460

Dated: March 22, 2019

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 22, 2019, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to counsel and parties authorized to receive electronically Notices of Electronic Filing. I will also provide an electronic copy to the probation officer.

 */s/ James R. Drabick*
James R. Drabick
Assistant United States Attorney
211 Fort Street
Suite 2001
Detroit, MI 48226
james.drabick@usdoj.gov
(313) 226-9788
MA Bar # 667460